UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

SHOODLEY CHERICHEL,

        Petitioner,

v.

SCOTT BANIECKE,
Field Office Director of U.S. ICE
for the St. Paul District,
ERIC H. HOLDER, JR.,
Attorney General of the United States,
JANET A. NAPOLITANO,
Secretary of the United States Department of
Homeland Security, and
JENNIFER SKWIRA, U.S. ICE/St. Paul,

        Respondents.

Civil No. 11-928 (JRT/JJG)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for a writ of habeas corpus, brought under 28 U.S.C. § 2241. (Docket No. 1.) The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be summarily dismissed for lack of jurisdiction, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson,

**I.   BACKGROUND**

Petitioner's submissions in this case provide very little information about his background, his current status, or the reason for his present habeas corpus petition. However, Petitioner brought a previous habeas corpus action in this District, (Cherichel v. Fletcher, Civil No. 09-440 (JRT/RLE), ["Cherichel I"]), and the record in that case sheds some helpful light on the present petition.

The record in Cherichel I shows that Petitioner is a citizen of Haiti who has been in the United States since approximately 1982.  In 2002, Petitioner was driving a car that was involved in a car accident.  A passenger in the car was killed, and Petitioner was convicted of criminal vehicular homicide and sent to prison.  While Petitioner was still in prison, federal immigration authorities initiated removal proceedings against him, seeking to have him returned to Haiti.  After a hearing in the matter, a removal order was entered against Petitioner.

When Petitioner was released from prison in 2007, he was transferred directly into the custody of the Immigration and Customs Enforcement, ("ICE"), and he was held in the Ramsey County Law Enforcement Center in St. Paul, Minnesota.  While Petitioner was being detained by ICE, he continued to contest his removal order, and ICE continued to make travel arrangements for his return to Haiti.  In 2009, Petitioner filed his habeas corpus petition in Cherichel I.  He claimed that he should be released from ICE custody pursuant to the Supreme Court's decision in Zadvydas v. Davis, 533 U.S. 678 (2001), because ICE was unable to effectuate his removal, and he was

---

884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

2

therefore being detained "indefinitely."  ICE contended that Petitioner was not entitled to habeas corpus relief, because he would soon be returned to Haiti.

However, while Cherichel I was pending, the 2010 Haiti earthquake occurred. The destruction caused by the earthquake apparently disrupted ICE's plans to return Petitioner to Haiti, and prompted ICE to release Petitioner from custody.  In February 2010, Petitioner entered into a stipulation in Cherichel I, acknowledging that he had been released from ICE custody, and agreeing that his habeas corpus petition should be dismissed without prejudice.  (Cherichel I, Stipulation filed February 16, 2010, [Docket No. 23].)

Petitioner's current submissions indicate that he is now back in ICE custody, and he is presently being detained in the LaSalle Detention Facility in Jena, Louisiana, which is located in the Western District of Louisiana.  As far as the Court can tell, Petitioner is once again seeking to be released from ICE custody.  However, Petitioner has not explained why he is presently in ICE custody, and, more importantly, he has not explained why he believes he should be released from custody.  Petitioner has submitted his current petition on a form that directed him to explain the grounds on which habeas corpus relief is being sought, but Petitioner left that section of the form blank.  (Petition, [Docket No. 1], p. 3, § 9.)  The petition from Cherichel I is attached to the current petition, but Petitioner has not explained how that prior petition might pertain to the present action.  Thus, there is no way to ascertain why Petitioner believes he is entitled to a writ of habeas corpus at this time.

Under different circumstances, the Court might grant Petitioner leave to file an amended petition, so he would have an opportunity to show why he believes he

3

should be granted a writ of habeas corpus. That will not be done here, however, because Petitioner's current habeas corpus petition could not be entertained in this District even if he could show some colorable grounds for relief. As explained below, this action must be dismissed for lack of jurisdiction, regardless of why Petitioner believes he should be granted a writ of habeas corpus.

## II. DISCUSSION

A habeas corpus petition normally must be filed in the district court where the petitioner is confined. This is so, because in most cases a writ of habeas corpus is directed to the petitioner's immediate custodian, who normally is the warden or chief executive official at the institution where the petitioner is confined. Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). See also Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95 (1973) ("[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody").As a general rule, a federal district court cannot entertain a habeas corpus petition if neither the petitioner nor his custodian is located within the court's geographical boundaries when the petition is filed. See United States v. Monteer, 556 F.2d 880, 881 (8th Cir. 1977) ("[h]abeas corpus jurisdiction lies only when petitioner's custodian is within the jurisdiction of the district court"). See also Lee v. United States, 501 F.2d 494, 501 (8th Cir. 1974); Gravink v. United States, 549 F.2d 1152, 1154 (8th Cir. 1977); Kills Crow v. United States, 555 F.2d 183, 189, n. 9 (8th Cir. 1977); McCoy v. United States Board of Parole, 537 F.2d 962, 964 (8th Cir. 1976).

In this case, two of the named Respondents, Scott Baniecke and Jennifer Skwira, appear to be ICE officials who are located in St. Paul, Minnesota, and the other two named Respondents, Eric H. Holder, Jr. and Janet A. Napolitano, are members of the President's Cabinet, who presumably are located in Washington, D.C. Although the named Respondents may have played some role in the events that precipitated Petitioner's current detention, none of the named Respondents is Petitioner's immediate custodian. Petitioner's immediate custodian – and thus the proper named respondent in this case – is the warden or chief executive official at the LaSalle Detention Facility, where Petitioner is currently detained.

The Court recognizes that the district in which a habeas petitioner is currently confined is not <u>always</u> the <u>only</u> district in which habeas relief can be sought. If a habeas petitioner is challenging some contemplated <u>future</u> confinement that would occur in some other district, or if the petitioner is seeking some relief other than immediate release from custody, then he might be able to seek habeas relief in a district other than the district where he is confined. In <u>Braden</u>, for example, an Alabama prisoner was allowed to seek habeas relief in a Kentucky district court, because he was not challenging his current confinement; but rather, he was challenging a Kentucky detainer that had been filed against him that could have precipitated some <u>future</u> confinement in that state. 410 U.S. at 498-99. <u>See</u> <u>also</u> <u>Padilla</u>, 542 U.S. at 438 ("a habeas petitioner who challenges a form of 'custody' other than present physical confinement may name as respondent the entity or person who exercises legal control with respect to the challenged 'custody'").

However, when a habeas petitioner is directly challenging the legality of his

5

current custody, and seeking immediate release from his current confinement, he must seek a writ of habeas corpus that would be directed to his immediate custodian, and he must seek such relief in the district in which he is confined. As the Supreme Court explained in Padilla:

> "in habeas challenges to present physical confinement – 'core challenges' – the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."

542 U.S. at 435.

The Court emphasized this point by reiterating that –

> "In challenges to present physical confinement, we reaffirm that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent."

Id. at 439.

Here, Petitioner has offered no reason to believe that he is seeking any relief other than an immediate release from his "present physical confinement." Therefore, in accordance with Padilla, the Court finds that the proper respondent in this action is Petitioner's immediate custodian – the warden or chief executive official at the LaSalle Detention Facility.

Moreover, because Petitioner's immediate custodian is located in the Western District of Louisiana, Petitioner's current habeas petition should have been filed in that District. The Supreme Court pronounced this rule very clearly in Padilla, stating that –

> "with respect to habeas petitions 'designed to relieve an individual from oppressive confinement,' the traditional rule has always been that the Great Writ is 'issuable only in the district of confinement.'"

6

542 U.S. at 442, quoting Carbo v. United States, 364 U.S. 611, 618 (1961).

To ensure that this rule could not be misunderstood, the Court restated it, very plainly, as follows:

> "Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."

Id. at 447 (emphasis added).

Because it clearly appears that Petitioner is challenging the legality of his "present physical custody," the proper respondent in a petition seeking a writ of habeas corpus is his current warden, and the proper place to file his petition is the district in which he and the warden are located. It is readily apparent that neither Petitioner, nor his immediate custodian, is presently located in Minnesota. Therefore, the Minnesota District Court cannot exercise jurisdiction in this matter, and Petitioner's current habeas corpus petition cannot be heard and decided on the merits here. Padilla, supra; United States v. Hutchings, 835 F.2d 185, 187 (8th Cir. 1987).

The Court must next consider whether this action should be dismissed, or whether it should be transferred to the district in which Petitioner and his custodian are presently located – namely the Western District of Louisiana, where Petitioner is currently confined. Although this matter could be transferred to the district where Petitioner is confined pursuant to 28 U.S.C. § 1631, ("Transfer to Cure Want of Jurisdiction"), that will not be done here, because there are two serious flaws in Petitioner's current habeas corpus petition that would prevent any court from him granting him any relief at this time.

First, Petitioner has not signed his current petition, as required by Fed. R. Civ. P. 11(a).  See also Rule 2(c)(5) of The Rules Governing Section 2254 Cases In The United States District Courts.  If this were the only defect, it might somehow be finessed.  However, there is another far more significant defect, namely that Petitioner has not shown any grounds for granting him a writ of habeas corpus.  As pointed out above, Petitioner failed to complete the section of his habeas corpus petition that solicits the grounds on which relief is sought.  If this case were to be transferred, it would undoubtedly be dismissed by the transferee court, because Petitioner has not presented any colorable claim for relief in his petition.  Therefore, the Court will recommend that this case should not be transferred, but should instead simply be dismissed.

### III.  CONCLUSION

In sum, the Court finds that Petitioner's current application for habeas corpus relief under § 2241 cannot be brought in this District, because Petitioner is seeking immediate release from custody, and neither Petitioner, nor his custodian, is currently located in this District.  Thus, the United States District Court for the District of Minnesota lacks jurisdiction over Petitioner's present habeas corpus petition.

The Court further finds that this action should not be transferred to the district where Petitioner is now confined, (i.e., the Western District of Louisiana), because the current petition is fatally defective for two reasons: (1) it has not been signed, and (2) it does not show any grounds for granting Petitioner a writ of habeas corpus.  Thus, the Court will recommend that the action be summarily dismissed for lack of

jurisdiction.[2]

Having determined that this action should be dismissed for lack of jurisdiction, the Court will further recommend that Petitioner's pending application to proceed in forma pauperis, (Docket No. 3), be summarily denied as moot.

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241, (Docket No. 1), be **DENIED WITHOUT PREJUDICE**;

2. Petitioner's application for leave to proceed in forma pauperis, (Docket No. 3), be **DENIED AS MOOT**; and

3. This action be summarily **DISMISSED FOR LACK OF JURISDICTION**


Dated: April 20, 2011           s/ *Jeanne J. Graham*
                                JEANNE J. GRAHAM
                                United States Magistrate Judge

---

[2] The dismissal of this action, by itself, should not preclude Petitioner from seeking relief in a subsequent § 2241 habeas corpus petition filed in the proper district. However, if Petitioner elects to file a new habeas corpus petition in the district where he is confined, (i.e., the Western District of Louisiana), he should make sure that he cures the defects found in his current petition. In other words, any new petition should be signed by Petitioner, and it should clearly describe the specific grounds on which Petitioner is seeking a writ of habeas corpus.

**NOTICE**

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **May 5, 2011**. A party may respond to the objections within ten (10) days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.